# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNS,<br><br>       Petitioner,<br><br>   v.<br><br>B.M. TRATE,<br><br>       Respondent. | Case No. 1:23-cv-01539-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

On October 30, 2023, Petitioner, proceeding pro se, filed the instant federal habeas petition pursuant to 28 U.S.C. § 2241 wherein he asserts that the sentencing court improperly delegated the scheduling of restitution payments, and requests that the Court issue an order for the Warden to cease collecting restitution from Petitioner and to place Petitioner on Inmate Financial Responsibility Program ("IFRP") exempt status. (ECF No. 1 at 2.)[1]

Rule 4 of the Rules Governing Section 2254 Cases[2] requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] The Court may apply any or all of these rules to habeas corpus petitions that are not brought under 28 U.S.C. § 2254. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

The Ninth Circuit has held that the "scheduling of restitution payments is non-delegable" under the Mandatory Victims Restitution Act of 1996 ("MVRA") and that "the district court simply does not have the authority to delegate its own scheduling duties—not to the probation office, not to the BOP, not to anyone else." United States v. Gunning, 401 F.3d 1145, 1150 (9th Cir. 2005). However, Petitioner was sentenced on September 22, 1994, before the MVRA was enacted. (ECF No. 1 at 3, 4.) At the time of Petitioner's sentencing, the Victim and Witness Protection Act ("VWPA" or "Victim Act") governed restitution orders. See United States v. Blackwell, 852 F.3d 1164 (2017). In contrast to the MVRA, the VWPA "did not expressly state that the court must set the terms of repayment in the restitution order." United States v. Prouty, 303 F.3d 1249, 1254 n.3 (11th Cir. 2002).

> Thus, in considering 18 U.S.C. § 3572(d),[3] which has language similar to the Victim Act, the Ninth Circuit held the sentencing court could delegate the task of scheduling payments. *Montano–Figueroa,* 162 F.3d at 549–50. In reaching this conclusion, the Ninth Circuit specifically rejected the rationales of the Second and Third Circuit Courts of Appeals, which held the Victim Act did not permit a district judge to delegate the timing of restitution payments. *Id.*; *see,* e.g., *United States v. Graham,* 72 F.3d 352, 356–57 (3d Cir. 1995), *cert. denied,* 516 U.S. 1183, 116 S.Ct. 1286, 134 L.Ed.2d 230 (1996); *United States v. Porter,* 41 F.3d 68, 71 (2d Cir. 1994).

Geiger v. Fed. Bureau of Prisons, 487 F. Supp. 2d 1155, 1161 (C.D. Cal. 2007) (footnote in original). See Montano-Figueroa v. Crabtree, 162 F.3d 548, 550 (9th Cir. 1998) ("[W]e have previously upheld sentencing courts' decisions to delegate the timing and manner of payments of court-ordered restitution."). At the time of Petitioner's sentencing, the VWPA was in effect. "Thus, MVRA is not the basis for petitioner's restitution order, and *Gunning I* is not controlling." Geiger, 487 F. Supp. 2d at 1160. Accordingly, the sentencing court did not improperly delegate the scheduling of restitution payments to the BOP, and Petitioner is not entitled to habeas relief. See Fultz v. Martinez, No. CV-14-02293-TUC-CKJ (BGM), 2017 WL 2579055, at *5 (D. Ariz. May 5, 2017) ("In light of Petitioner's sentencing under the VWPA, the

---

[3] In *Montano–Figueroa*, the Ninth Circuit set forth the relevant statutory language:
> 18 U.S.C. § 3572(d) [ ] provid[es] that "[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless ... the court provides for payment on a date certain or in installments." The statute further states that "[i]f the court provides for payment in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule."

*Montano–Figueroa,* 162 F.3d at 549 (quoting 18 U.S.C. § 3572(d)).

sentencing court did not improperly delegate collection of his restitution to BOP. Furthermore, the IFRP is an appropriate method for the collection thereof."), report and recommendation adopted, 2017 WL 2573178 (D. Ariz. June 14, 2017).

Based on the foregoing, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 18, 2023**

UNITED STATES MAGISTRATE JUDGE